NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

## 2009-1094

### ASYMMETRX, INC.,

Plaintiff-Appellant,

v.

### BIOCARE MEDICAL, LLC,

Defendant-Appellee.

Appeal from the United States District Court for the District of Massachusetts in case no. 07-CV-11189, Judge Richard G. Stearns.

ON MOTION

Before DYK, Circuit Judge.

### O R D E R

Biocare Medical LLC (Biocare) moves to dismiss this appeal for lack of jurisdiction. Asymmetrx, Inc., (Asymmetrx) opposes. Biocare reples.

Assymetrx filed a complaint against Biocare with the United States District Court for the District of Massachusetts alleging infringement of certain patents. Assymetrx asserted that the President and Fellows of Harvard College (the assignee of the patents) granted it an exclusive license for the patents--including the right to enforce the patents--and that Biocare sold infringing products. Biocare countered that Harvard also provided it with a license with unlimited right of use of the patents. Without reaching the merits of the infringement claims, on summary judgment, the district court held that Biocare did have an implied license to use the patents at issue. This appeal followed.

Biocare argues that this court lacks jurisdiction because Asymmetrx's claims against Biocare only involve contract law and do not arise under federal patent law. Asymmetrx disagrees, asserting that its claims are clearly for patent infringement and issues of contract law were only present as Biocare's defense against the infringement allegations.

Pursuant to 28 U.S.C. § 1295(a)(1), this court has jurisdiction over an appeal from a district court decision if the jurisdiction of the district court was based in whole or in part on 28 U.S.C. § 1338. Section 1338 provides that district courts have jurisdiction over civil actions arising "under any Act of Congress relating to patents." A district court has jurisdiction pursuant to section 1338 if "a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988). This court's jurisdiction over matters arising in whole or in part under the patent "is determined by the basis of jurisdiction in the district court and is not controlled by the district court's decision or the substance of issues that are appealed." Zenith Electronics Corp. v. Exzec, Inc., 182 F.3d 1340, 1346 (Fed. Cir. 1999).

Although Biocare asserts that Asymmetrx's case does not arise under federal patent law and "is nothing more than a licensing issue involving matters of contract construction and interpretation," it is clear from the Asymmetrx's complaint filed in the district court that federal patent law does create Asymmetrx's cause of action. The complaint specifically alleges that Biocare "makes, uses, offers to sell, and sells . . .

products that infringe . . . one or more claims of the [patents at issue]" and that "Asymmetrx has been . . . irreparably harmed . . . as a result of Biocare's infringement." The fact that the district court's decision below hinged on the interpretation of a license agreement and that Asymmetrx's patent infringement claims were never adjudicated is irrelevant in determining this court's jurisdiction. Because Asymmetrx's original claims were based on and sought relief under the patent laws, this court has jurisdiction over this appeal. See Air Products and Chemicals, Inc. v. Reichhold Chemicals, Inc., 755 F.2d 1559, 1563-64 (Fed. Cir. 1985) ("That resolution of a question of state law may render federal questions moot does not deprive a federal court of subject matter jurisdiction where the plaintiff bases his claim upon, and seeks remedies under, the patent laws, even where the complaint anticipates a defense of license.")

Accordingly,

IT IS ORDERED THAT:

(1)     Biocare's motion to dismiss is denied.

(2)     Biocare's brief is due within 40 days of the date of filing of this order.

FOR THE COURT

MAR 0 5 2009
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:     Steven M. Bauer, Esq.
        Douglas B. Otto, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 0 5 2009

JAN HORBALY
CLERK

2009-1094                                    3